```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
                                                                       :
GABRIEL ACOSTA,                                                        :    18-CV-1233 (ARR)
                                                                       :
                           Petitioner,                                 :    NOT FOR ELECTRONIC
                                                                       :    OR PRINT PUBLICATION
        -against-                                                      :
                                                                       :
UNITED STATES OF AMERICA,                                              :    OPINION & ORDER
                                                                       :
                           Respondent.                                 :
                                                                       :
---------------------------------------------------------------------- X
```

ROSS, United States District Judge:

Pro se petitioner[1] Gabriel Acosta has filed a motion asking the government to compensate him for or, where possible, return several items of personal property seized by the Drug Enforcement Agency (DEA) during his arrest in 2007. For the following reasons, I deny Mr. Acosta's motion in part and grant it in part.

## BACKGROUND

The DEA arrested Mr. Acosta at his home on January 16, 2007. Opinion & Order 1, ECF No. 17. At the time of his arrest, law enforcement officials seized numerous rounds of ammunition, several firearms, and a number of personal electronics[2] in Mr. Acosta's possession. *Id*. Mr. Acosta eventually pleaded guilty to one count of conspiracy to distribute and possess with intent to

---

[1] Over the course of this action, I appointed counsel to help Mr. Acosta find a suitable buyer for one of the seized items—a .357 caliber Smith & Wesson handgun. Mr. Acosta is nonetheless representing himself in the matter before me.

[2] The specific electronic items seized are listed in Exhibits A and B of the government's April 8, 2020, letter and include: two Nokia cell phones; two LG cell phones; three Motorola cell phones; one Sharp cell phone; one Palm One Tungsten; one Sony laptop computer; one Sony computer tower; and one Canon fax machine. *See* Letter in Response to the Court's March 24, 2020 Order, Ex. B 5, ECF No. 22-2.

1

distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *Id*. On October 21, 2009, I sentenced him to 240 months of incarceration, to be followed by five years of supervised release. *Id*.

On August 8, 2017, Mr. Acosta commenced this civil action under Federal Rule of Criminal Procedure 41(g), seeking return of his seized property. Mot. for Return of Property, ECF No. 1. After some delay, the government responded that the DEA was "making arrangements" to return Mr. Acosta's electronic devices to his family but that the firearms and ammunition had been forfeited and destroyed. Response to Motion, ECF No. 10. Mr. Acosta then filed a motion requesting $17,751.97 in compensation for the destroyed items. Mot. for Return of Property, ECF No. 11. I construed Mr. Acosta's motion as raising an equitable claim for money damages under Rule 41(g) and a claim for money damages under the Federal Torts Claims Act (FTCA). Opinion & Order 3–5. I dismissed his Rule 41(g) claim, finding that it was barred by sovereign immunity. *Id.* at 3. As for the FTCA claim, I found that Mr. Acosta had not established that he presented his claim to the appropriate government agency before suing for damages—a jurisdictional requirement for a successful FTCA suit. *Id.* at 3–4. I therefore dismissed this claim as well, but granted Mr. Acosta leave to file again if he could "show that he ha[d] asked the DEA for money damages for his destroyed property and they ha[d] either denied his claim or not responded to it for over six months." *Id.* at 4–5.

Mr. Acosta brought his tort claim to the DEA, which denied it on December 18, 2019. *See* Superseding Petition for Return of Property 11, ECF No. 19. Following the denial, Mr. Acosta brought an amended petition before this court, seeking both damages under the FTCA and return of property under Rule 41(g). *Id.* at 2–3. The government filed a response opposing the motion.

2

*See* Mem. in Opp., ECF No. 20. The government has since indicated, however, that both the U.S. Attorney's Office and the DEA are not opposed to returning Mr. Acosta's electronic devices, so long as Mr. Acosta files a claim for these items and designates someone to retrieve them on his behalf. *See* Letter in Response 2, ECF No. 22; Letter re Case Update 1, ECF No. 30. In the months following Mr. Acosta's petition, the government also made a discovery: while it previously represented that all of the firearms seized on January 16, 2007, had been destroyed, it learned that a .357 caliber Smith & Wesson handgun purchased by Mr. Acosta was not destroyed and remains in DEA custody. Letter in Response 1 n.1.[3] Though Mr. Acosta, who is currently incarcerated and who has felony convictions, cannot take possession of the handgun, the government has said that it is willing to turn over the handgun to a qualified family member or to a suitable buyer. *Id.* at 1. I appointed counsel to assist Mr. Acosta in finding a person or entity to take the handgun, but

---

[3] The DEA may also have in its possession some of the ammunition seized on January 16, 2007, and listed in Mr. Acosta's petition. *See* Letter re Case Update 2. Even assuming the DEA is in possession of ammunition owned and sought by Mr. Acosta, however, I would deny his Rule 41(g) motion for return of this property. As a person with felony convictions, Mr. Acosta is prohibited from possessing ammunition. *See* 18 U.S.C. § 922(g); *see also Henderson v. United States*, 575 U.S. 622, 626 (2015) (explaining that § 922(g) "prevents a court from instructing an agency to return guns in its custody to [owners with felony convictions], because that would place [the owner] in violation of the law"). While the Supreme Court has held that a court presented with a petition like Mr. Acosta's may, on the petitioner's motion, "order that the gun[] be turned over to a firearms dealer, himself independent of the [petitioner's] control, for subsequent sale on the open market" or "grant [the petitioner's] request to transfer his gun[] to a person who expects to maintain custody of [it]," *Henderson*, 575 U.S. at 630, Mr. Acosta has made no such request. In the absence of a request and without any indication of who, if anyone, would be willing and legally permitted to take possession of the ammunition that Mr. Acosta cannot possess, I deny Mr. Acosta's motion to have it returned to him. *See United States v. Samia*, 13-CR-521 (LTS), 2016 WL 11630890, at *2 (S.D.N.Y. Dec. 19, 2016) (denying the defendants' motions for return of their seized firearms where the defendants had not requested that the court order the firearms be turned over to a firearms dealer or a permitted person who would maintain custody); *see also Henderson*, 575 U.S. at 630–31 (holding that a court should "disapprove the transfer" of seized firearms to a third-party where the petitioner has not "provide[d] an adequate safeguard" that he "will not retain control over his guns").

counsel's multiple efforts were unsuccessful.[4] Letter re Case Update 1–2. Mr. Acosta has therefore forfeited his interest in the gun. *Id.* The rest of his petition remains before me, opposed by the government.

## DISCUSSION

It is well-established that "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (citation and quotation marks omitted). I thus understand Mr. Acosta to be raising three separate claims: one for damages under the FTCA, one for damages under Rule 41(g), and one for return of any undestroyed property under Rule 41(g).

Any claim for money damages brought pursuant to Rule 41(g) is easily dealt with: as I explained in my previous opinion in this case, the district court's "equitable jurisdiction to order the return of property pursuant to Rule 41(g) even after the conclusion of criminal proceedings . . . does not permit courts to order the United States to pay money damages when . . . property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." Opinion & Order 3 (quoting *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004)). I therefore dismiss Mr. Acosta's Rule 41(g) claim for damages.

As for the FTCA claim, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) "permit[s] claims against the United States for injury or loss of goods or property in law enforcement custody if the claimant can satisfy four conditions:

(1) the property was seized for the purpose of forfeiture under any provision of Federal law

---

[4] Specifically, Mr. Acosta's attorney explains: "Because the firearm is in New York, the defendant's family members with firearms licenses in other states cannot legally collect the gun. . . . [Counsel] has reached out to multiple federally licensed firearms dealers at the suggestion of counsel for the DEA to see if one would collect and sell the gun for some sort of commission, but none were willing to do so." Letter re Case Update 1–2.

4

> providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law."

*Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (quoting 28 U.S.C. § 2680(c)(1)–(4)). Failure to satisfy just one of these conditions prevents a claimant from recovering damages under the FTCA and CAFRA. *Akeem v. United States*, 854 F. Supp. 2d 289, 296 (E.D.N.Y. 2012). In this case, Mr. Acosta has not established that his property was seized "for the purpose of forfeiture"—or, put differently, that it "was taken *for that reason*, [and], if so, *solely* for that reason." *Id.*; *see also Starr Indemnity & Liability Co. v. United States*, 18-CV-3326 (CCB), 2019 WL 4305529, at *4 (D. Md. Sept. 11, 2019) (collecting cases interpreting the first prong of CAFRA in this way). Instead, forms completed by the DEA around the time of Mr. Acosta's arrest indicate that they seized his property as evidence in their ongoing criminal investigation. *See* Letter in Response to the Court's March 24, 2020 Order, Ex. B. While the DEA officers "may have had the possibility of a forfeiture in mind" when they executed their warrant, "there is no colorable claim on the record that the property was taken" "*solely* for the purpose of forfeiture." *Akeem*, 854 F. Supp. 2d at 296 (quoting *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008)). Accordingly, Mr. Acosta's FTCA claim fails.

I turn finally to Mr. Acosta's claim for the return of his surviving property under Rule 41(g). As Mr. Acosta has forfeited his claim for his .357 caliber handgun and his other firearms

and ammunition have apparently been destroyed, this claim applies only to the personal electronics listed in his petition. *But see supra* n.3 (explaining that some of the seized ammunition may still exist but concluding that, even if that were the case, Mr. Acosta would not be entitled to its return). The government has raised no argument as to why Mr. Acosta is not entitled to these items and does not appear to object to turning them over to him, provided he follow the DEA's procedure for submitting a claim. I therefore grant his motion for return of this property, with a reminder to Mr. Acosta that he must file the appropriate forms with the DEA in order to successfully retrieve his items.

## CONCLUSION

I dismiss with prejudice Mr. Acosta's damages claims under the FTCA and Rule 41(g). However, I grant his Rule 41(g) claim for return of his personal electronics and order the government to turn these items over to Mr. Acosta when he is released from incarceration and/or on his designation of an appropriate recipient.

SO ORDERED.

        /s/
Allyne R. Ross
United States District Judge

Dated:      June 1, 2022
              Brooklyn, New York